## CIRCUIT COURT OF BRUNSWICK COUNTY

Dorothy Blick

v.

Mabel Fant

October 14, 2005

Case No. CL04-34

BY JUDGE W. ALLAN SHARRETT

The issue in this case is whether service upon Lynn Robinson, as Administrator of the Estate of Mabel Fant, is effective service of process.

On June 14, 2004, Dorothy Blick filed a Motion for Judgment against Mabel Fant, alleging that on December 18, 1997, Fant negligently operated her motor vehicle, causing injury to Blick. Service of process was neither requested nor attempted at the time of the filing.

Mabel Fant died on August 19, 2004, survived by her husband, William Fant. During the next nine months, no action was taken regarding the Estate of Mabel Fant. No will was offered for probate, no list of heirs was recorded, and no person sought to qualify as personal representative.

On May 18, 2005, Lynn L. Robinson, Esquire, requested appointment as Administrator of the Estate of Mabel Fant "for purposes established under Code of Virginia § 8.01-50 et seq.," and, by Order of the Clerk of this Court of the same date, was qualified as Administrator "for the purposes set forth above." In its final paragraph, the Order granted a certificate to "Lynn L. Robinson as Administrator of the Estate of Mabel B. Fant, deceased, for the purposes established under Code of Virginia § 8.01-50 et seq., as amended. . . ."

Robinson executed a List of Heirs and subscribed to the Oath of Fiduciary wherein, by her signature executed before the Deputy Clerk, she swore to discharge her duties "for the purposes allowed in Virginia Code [Section] 8.01-50 to the best of my/our [sic] judgment."

On the same day, Robinson accepted service of process of the Motion for Judgment, as "Defendant."

The Defendant filed a Motion to Quash Service, alleging that Robinson lacked the authority to accept service, as her qualification was pursuant to § 8.01-50, which allowed her to initiate suit on behalf of the estate, but conferred no authority to be sued, or served with process, as representative of the estate.

The Plaintiff concedes that Robinson's duties under § 8.01-50 did not include or allow acceptance of service as a defendant, but avers that the qualification under this code section was a clerical error which may be corrected by the Court. Blick, therefore, asks the Court to exercise its authority pursuant to Va. Code § 8.01-428, to allow the correction of the clerical error and to designate the qualification as pursuant to Va. Code § 64.1-75.1. For the reasons stated herein, the Court declines to allow correction of the Clerk's records and grants the Motion to Quash.

Section 8.01-428 vests the court with discretionary authority to correct clerical mistakes and errors arising from oversight. This authority, however, ought to be exercised in circumstances limited to those situations where the mistake or error is apparent from the record, *Hart v. Hart*, 35 Va. App. 221, 230, 544 S.E.2d 366 (2001), and is not to be used to change an order which is clear on its face, regardless of whether it accomplishes the purpose intended by the requesting party. There is a duty on the part of the party requesting an order to ascertain that the order in fact accomplishes that which was intended.

In the instant case, it seems that Robinson intended to qualify as administrator of Fant's estate in order to *accept* service of the Motion for Judgment. It is obvious, however, that the qualification did not accomplish this purpose, but rather authorized Robinson *to bring suit on behalf of* Fant's estate, and did not authorize acceptance of service. Qualification under Va. Code § 64.1-75.1 would have allowed Robinson to be sued; qualification under § 8.01-50 only allowed her to sue.

Responsibility for this mistake, however, lies with Robinson. The order prepared by the clerk recites § 8.01-50 as the purpose for qualification in three separate places, and, most importantly, the Oath of Fiduciary, subscribed to by Robinson before the clerk, limits the qualification to "the purposes allowed in Virginia Code [Section] 8.01-50. . . ." If a mistake was made, it was by

78

Robinson, in subscribing to qualification under the wrong code section. The record reveals that Robinson is an attorney licensed to practice law in Virginia. It was neither the responsibility nor the duty of the clerk to ascertain that the purposes for qualification to which this attorney administrator subscribed were the purposes best suited to the situation. To require this would be to, in effect, require the deputy clerk to engage in the practice of law, which she presumably is not licensed to do, and to second guess the actions of the person qualifying, who is, indeed, licensed to practice law.

The Court, therefore, believes that there was, in fact, no error or oversight to correct, as contemplated by § 8.01-428. This does not mean that Robinson got what she wanted; but the failure to get what she intended was not the result of a clerical error or oversight. The burden for any mistake must fall on Robinson, who subscribed an oath to qualify for the purposes of § 8.01-50.

Thus, the attempted acceptance of service of process by Robinson was ineffectual, as she lacked authority for such action, the same not having been granted her by § 8.01-50.

Inasmuch as the issue at bar is, in the Court's opinion, resolved without reference to the matter of failure to provide the notice set forth in Va. Code § 64.1-118(3), the Court reaches no conclusion concerning the merits of the Plaintiff's argument regarding the same. It also leaves for another day the question as to whether Robinson's purported acceptance of service as "Defendant" would, in fact, have been effective even had she possessed the authority to be sued.